CLARENCE J. HOUSMAN and LEO M. KAHN, as Executors, etc., of MAURICE RESHER, Deceased, Respondents, *v.* CHARLES S. WATERHOUSE, Appellant.

First Department, May 14, 1920.

**Partnership — continuation of business after withdrawal of partner — meaning of phrase " mutatis mutandis "— partnership at will — death of one of remaining partners continuing business — when surviving partner must liquidate — loss of option to purchase deceased partner's interest at inventoried value.**

Where on the withdrawal of a member of a partnership the remaining partners agree to continue the business as a new firm subject to all the terms, provisions and conditions of the prior articles of partnership, " *mutatis mutandis,*" the phrase means that the former contract is to apply with such changes therein as are necessary to make it apply to a copartnership consisting of two general partners, instead of one consisting either of three general partners or two general partners and one special partner, as was at first contemplated on the withdrawal of the third partner.

Where on the withdrawal of one partner the two other partners continue the business without a new agreement it becomes a partnership at will and hence the partnership terminates on the death of one of the remaining partners and the surviving partner must liquidate the firm's affairs and pay the deceased partner's portion to his personal representative and any option to continue the business and buy in the interest of the deceased partner at its inventoried value which existed under the former articles of partnership is destroyed.

APPEAL by the defendant, Charles S. Waterhouse, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 19th day of August, 1919, upon the decision of the court rendered after a trial at the New York Special Term.

*William M. K. Olcott* of counsel [*William H. Bonynge* and *Walter E. Ernst* with him on the brief; *Olcott, Bonynge, McManus & Ernst,* attorneys], for the appellant.

*Ira Skutch* of counsel [*Benjamin F. Feiner* and *Charles Levy* with him on the brief; *Feiner & Maass* and *Stroock & Stroock,* attorneys], for the respondents.

PAGE, J.:

On June 16, 1910, Charles S. Waterhouse, Maurice Resher and Leo M. Kahn entered into articles of copartnership for the transaction of the business of jobbers and dealers in woolen goods for a term commencing June 16, 1910, and ending October 31, 1915. Leo M. Kahn, by the 12th article of the agreement, was given the option and right to withdraw from the firm on October 31, 1912, and if he did so the parties agreed to organize a new firm in which Waterhouse and Resher were to be general partners and Kahn was to be a special partner. In September, 1912, the parties entered into an agreement modifying the articles of 1910, whereby Kahn withdrew from the copartnership and did not remain as a special partner. Under the terms of this agreement he was paid a certain amount in cash, and the balance in a promissory note for one year (this would seem to have been partly paid and renewed so that until the final liquidation of the partnership affairs some of Kahn's money still remained in the concern). The modifying agreement provides that the 12th article of the copartnership agreement shall be abrogated, and further:

" *Eighth.* The parties of the first and second parts [Waterhouse and Resher] hereby form, on and as of November 1st, 1912, the firm of Waterhouse, Resher Co. to which they shall contribute as capital all of their respective interests appearing in said business as of October 31st, 1912, and said new firm hereby formed shall continue until October 31st,

First Department, May, 1920.    [Vol. 191.

1915, subject to all the terms, provisions and conditions of the agreement of June 16th, 1910, *mutatis mutandis.*"

The words "*mutatis mutandis*" mean with the necessary changes in detail to conform to a single vital change. (*Copeland* v. *Eaton*, 209 Mass. 139, 145.) As applied to the contract under consideration, they mean that the terms, provisions and conditions of the contract are to apply with such changes therein as necessary to make them apply to a copartnership consisting of two general partners, instead of one consisting either of three general partners or two general partners and one special partner.

Waterhouse and Resher continued in business as copartners after October 31, 1915, without entering into a new agreement. Resher died May 13, 1918, leaving a last will and testament. The controversy in this case arises over the claim of Waterhouse that by the 13th article in the original copartnership agreement he was entitled to pay to Resher's executors the value of Resher's interest as shown by the last preceding inventory of the firm's assets, while the plaintiffs claim that the firm should be liquidated and they paid Resher's proportion, as shall appear from the result of the accounting.

The trial court held that prior to Resher's death the parties had agreed to wind up and liquidate the business, and that at the time of his death they were proceeding to liquidate. There is some evidence tending to sustain this finding. Conflicting inferences can well be drawn from this evidence; therefore, the decision of the court on the question of fact should be accepted. It is not necessary to consider the matter of the contract obligations. For, if they had agreed to liquidate and were engaged in liquidating the business, its liquidation must continue. The defendant cannot reverse his position and claim his right to purchase the assets under the provisions of the contract.

A careful reading of article 13 of the contract demonstrates that under that provision all the defendant could do was to liquidate the business. Contrary to respondents' argument, I am of opinion that when the parties continued under the copartnership agreement after the expiration of its term, without any new agreement, the articles under which the partnership was first carried on continued, so far as they

were applicable to a partnership at will, to regulate the rights and obligations of the parties *inter se.* (2 Lindley Part. 823.)

By the 13th article the right of a partner to take the interest of the deceased partner at its inventoried value applies only while the three parties are general partners. A different provision is made if the option is exercised and the firm consists of two general partners and a special partner and one of the general partners dies. " Then the surviving partner shall have the option either of continuing the business to the end of said special partnership and then, as speedily as can reasonably be done, liquidating the firm, or, the surviving general partner may immediately, upon the death of the other general partner, proceed to liquidate the business."

This provision is binding upon the parties, except as changes may be necessary because of the two changed conditions: *First,* the modification which eliminated the option to form a special partnership. This would leave the two general partners in the firm and no special partnership; therefore, the right that would have been left was for the surviving general partner either to liquidate at once or to continue the business until the expiration of the term of the copartnership agreement and then to liquidate; *second,* the continuation of the partnership without new articles made it a partnership terminable not at a definite time but at will. Such a partnership would terminate on the death of either partner. Therefore, the option to carry on the business further was destroyed, and the only right that remained was to liquidate at once.

For these reasons the judgment should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment affirmed, with costs.